```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/22/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
MICHAEL MARIN,                                 :    06 Civ. 552 (SHS)
                                               :
                        Plaintiff,             :    OPINION & ORDER
                                               :
        -against-                              :
                                               :
THE UNITED STATES OF AMERICA,                  :
                                               :
                        Defendant.             :
------------------------------------------------------------------x

SIDNEY H. STEIN, U.S. District Judge.

   This medical malpractice action was tried in February, 2008 and resulted in a verdict for defendant. That verdict is currently on appeal to the United States Court of Appeals for the Second Circuit. Plaintiff Michael Marin now seeks an order compelling defendant the United States of America to pay $21,655 associated with the government's deposition of two of plaintiff's expert witnesses, Dr. Robert Zimmerman and Dr. Dana Leifer. For the reasons set forth below, the Court grants the request to the extent that the United States is directed to pay $2,300 to Dr. Zimmerman and $9,620 to Dr. Leifer pursuant to Fed. R. Civ. P. 26(b)(4)(C).

   "Unless manifest injustice would result, [a] court must require that [a] party seeking discovery [from an opponent's expert witness] pay the expert a reasonable fee for time spent in responding to [the discovery request.]" Fed. R. Civ. P. 26(b)(4)(C). Time spent preparing to give deposition testimony and time spent giving such testimony are both compensable under this rule. See Adams v. Mem'l Sloan Kettering Cancer Ctr., No. 00 Civ. 9377 (SHS), 2002 WL 1401979, at *1-2 (S.D.N.Y. June 28, 2002).

   In evaluating whether a proposed expert fee is reasonable, courts consider the following factors: "(1) the witness's area of expertise, (2) the education and training that is required to

1

provide the expert insight that is sought, (3) the prevailing rates for other comparably respected available experts, (4) the nature, quality and complexity of the discovery responses provided, (5) the cost of living in the particular geographic area, (6) the fee being charged by the expert to the party who retained him, (7) fees traditionally charged by the expert on related matters, and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26." Adams, 2002 WL 1401979, at *1 (quoting Coleman v. Dydula, 190 F.R.D. 320, 324 (W.D.N.Y. 1999)). In general, it is not reasonable to request a flat fee for deposition testimony regardless of the number of hours actually spent. Carafino v. Forester, No. 03 Civ. 6258, 2005 WL 1020892, at *1 (S.D.N.Y. Apr. 29, 2005); Mannarino v. United States, 218 F.R.D. 372, 375 (E.D.N.Y. 2003). Instead, compensation should be based on a reasonable hourly rate. Carafino, 2005 WL 1020892, at *1.

The party that seeks reimbursement bears the burden of demonstrating the reasonableness of the amount claimed. Mark Andrew of the Palm Beaches, Ltd. v. GMAC Commercial Mortgage Corp., No. 01 Civ. 1812, 2003 U.S. Dist. LEXIS 13217, at *3 (S.D.N.Y. July 31, 2003); New York v. Solvent Chem. Co., 210 F.R.D. 462, 468 (W.D.N.Y. 2002). Where a party fails to discharge its burden, the fees charged by his opponent's expert, if any, provide a useful benchmark. Carafino, 2005 WL 1020892, at *2; Adams, 2002 WL 1401979, at *2.[1] The Court has broad discretion to determine the reasonableness of a fee requested under Rule 26(b)(4)(C). See Carafino, 2005 WL 1020892, at *2.

In this case, the government deposed two of plaintiff's expert witnesses, Dr. Robert Zimmerman, a neuroradiologist, and Dr. Dana Leifer, the head of the stroke service at New York

---

[1] In this case, plaintiff apparently paid a fee of $750 to one of the government's expert witnesses, Dr. Jay Mohr, for time spent responding to plaintiff's discovery request. (Letter from Bruce Clark to the Court dated Dec. 19, 2008 (the "Dec. 19, 2008 Letter") at 2.) However, the parties have not informed the Court as to the number of hours Dr. Mohr spent in preparing for and attending his deposition. Because the Court cannot determine the hourly rate charged by Dr. Mohr, the fee paid to him is not useful, by itself, to the Court's analysis.

Presbyterian Hospital. Dr. Zimmerman has submitted a bill for three hours of deposition preparation time at $500 per hour and two hours of deposition time at $700 per hour. (Letters from Robert Zimmerman, M.D. to Bruce Clark dated September 23, 2007 ("Zimmerman Invoices"), Attached as Exs. to the Dec. 19, 2008 Letter.) The government asserts that an hourly fee of $400 is appropriate.[2]

In support of Dr. Zimmerman's fee request, plaintiff submits the fee statements of other physicians who have been retained by plaintiff's attorney in connection with unrelated medical malpractice actions. (Dec. 19, 2008 Letter at 3, see also Fee Schedule of Dr. Martin O'Malley dated Dec. 18, 2008, Attached as Ex. to Dec. 19, 2008 Letter; Undated Fee Schedule of Dr. Laith Jazrawi, Attached as Ex. to Dec. 19, 2008 Letter.) One of these physicians charged plaintiff's attorney $2,500 per hour for deposition testimony and another charged $1,200 per hour for deposition preparation. (Id.) Plaintiff argues that these fee statements represent "evidence of the 'going rate' of the fees of physicians testifying for plaintiffs in medical malpractice actions in the New York metropolitan area." (Dec. 19, 2008 Letter at 3.)

Plaintiff has not carried his burden of demonstrating that the Zimmerman Invoices request a reasonable fee under Rule 26(b)(4)(C). In contrast to the very high rates referred to by plaintiff's attorney in certain unrelated cases, several courts have found that highly qualified medical experts are entitled to hourly fees in the range of $350 per hour for preparation and $500 per hour for depositions under Rule 26(b)(4)(C). Adams, 2002 WL 1401979, at *1; see also Casiano v. Target Stores, No. CV 2006-6286, 2008 WL 3930558, at *2 (E.D.N.Y. Aug. 21, 2008); Frederick v. Columbia Univ., 212 F.R.D. 176, 177 (S.D.N.Y. 2003); Cabana v. Forcier,

---

[2] Although the government would prefer not to pay for the time Dr. Zimmerman spent preparing to be deposed, Rule 26(b)(4)(C) requires a party seeking discovery from an opponent's expert to pay a reasonable fee for time spent by the expert "in responding to discovery," which includes time spent preparing for a deposition. See Adams, 2002 WL 1401979, at * 1.

3

200 F.R.D. 9, 16 (D. Mass. 2001); Edin v. Paul Revere Life Ins. Co., 188 F.R.D. 543, 547 (D. Ariz. 1999); Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 646-47 (E.D.N.Y. 1997); Mathis v. NYNEX, 165 F.R.D. 23, 26 (E.D.N.Y. 1996); Hose v. Chicago & N. W. Transp. Co., 154 F.R.D. 222, 227 (S.D. Iowa 1994).  Given the passage of six years since this Court decided the Adams case, the Court finds that slightly higher hourly fees of $400 per hour for preparation and $550 per hour for depositions are reasonable here.  Accordingly, the government is directed to pay Dr. Zimmerman $1,200 for three hours of preparation time and $1,100 for two hours of deposition time.

The government also deposed Dr. Dana Leifer, plaintiff's expert neurologist.  Although the deposition took place over two days, it spanned only ten hours inclusive of breaks.  (Letter from Matthew Schwartz to the Court dated Dec. 10, 2008, at 2.)  Dr. Leifer has submitted a bill seeking (1) $4,565 for 10.3 hours spent preparing for his deposition; (2) $11,000 for his deposition testimony, which represents a flat rate of $5,500 per day; (3) $2,970 for time spent reviewing his deposition transcript after completion of the deposition; and (4) $220 for time spent conducting "[r]esearch on price of devices for rehab."  (Invoice dated Apr. 28, 2008, Attached as Ex. to Dec. 19, 2008 Letter.)

The Court finds that Dr. Leifer is entitled to the same hourly rates as Dr. Zimmerman—namely, $400 per hour of preparation and $550 per hour of deposition time.  Accordingly, the government is directed to pay Dr. Leifer $4,120 for 10.3 hours of preparation and $5,500 for ten hours of deposition testimony.  The time spent by Dr. Leifer reviewing his deposition transcripts after the deposition was complete was not time spent "responding to discovery" and is therefore not compensable.  Fed. R. Civ. P. 26(b)(4)(C)(i); see also Mendez v. Unum Provident Corp., No. C04-1312JWHRL, 2005 WL 1774323, at *3 (N.D. Cal. July 26, 2005).  In addition, plaintiff

does not explain the $220 for time spent researching the "price of devices for rehab" and has therefore failed to meet his burden with respect to this item.

For the foregoing reasons, defendant is directed to pay $2,300 to Dr. Zimmerman and $9,620 to Dr. Leifer pursuant to Fed. R. Civ. P. 26(b)(4)(C).

Dated: New York, New York
December 22, 2008

SO ORDERED:

Sidney H. Stein, U.S.D.J.